**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 05-6681**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EMJADIA PORTER,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.   Samuel G. Wilson, District
Judge.  (CR-94-37; CA-00-679-7)

—————————

Submitted:  October 26, 2005      Decided:  November 14, 2005

—————————

Before WILKINSON and LUTTIG, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————————

Dismissed by unpublished per curiam opinion.

—————————

Emjadia Porter, Appellant Pro Se.  Karen Breeding Peters, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Emjadia Porter seeks to appeal the district court's order denying relief on his motion filed pursuant to Fed. R. Civ. P. 60(b), seeking reconsideration of the denial of his 28 U.S.C. § 2255 (2000) motion, and denying his motion for reconsideration of the denial of Rule 60 relief. An appeal may not be taken from the denial of a Rule 60(b) motion in a postconviction proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Porter has not made the requisite showing.* Accordingly, we deny a certificate of appealability and

*Although Porter correctly asserts that he was not seeking retroactive application of the rule in Apprendi v. New Jersey, 530 U.S. 466 (2000), any Apprendi claim is procedurally barred because Porter failed to assert an Apprendi-type claim at sentencing or on direct appeal. See United States v. Sanders, 247 F.3d 139, 145-46 (4th Cir. 2001).

dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED